IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14-27-BMM |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| SCOBEY G. BAKER, | |
| Defendant. | |

## I. Synopsis

The United States accused Scobey G. Baker ("Mr. Baker") of violating his conditions of supervised release by (1) committing another crime and (2) failing to complete sex offender treatment. Mr. Baker admitted to the violations. His supervised release should be revoked. He should be sentenced to seven months in custody, with fifty-three months of supervised release to follow.

## II. Status

On September 25, 2014, United States District Judge Brian Morris sentenced

1

Mr. Baker to forty-two months in custody, with sixty months of supervised release to follow, after a he pleaded guilty to Abusive Sexual Contact without Permission. (Doc. 38). He began his current term of supervised release on April 21, 2017.

On August 9, 2017, the United States Probation Office filed a Report on Offender Under Supervision, informing the Court that Mr. Baker had been arrested and pled guilty to Disorderly Conduct in violation of Fort Peck Tribal Code, Title VII, Section 440. (Doc. 43). Mr. Baker was allowed to remain on supervised release.

On November 30, 2017, the United States Probation Office filed a Report on Offender Under Supervision, informing the Court that Mr. Baker had been arrested and pled guilty to Disorderly Conduct in violation of Fort Peck Tribal Code, Title VII, Section 440, had failed to report law enforcement contact, and had consumed alcohol. (Doc. 44). Mr. Baker was allowed to remain on supervised release.

**Petition**

On January 23, 2018, the Probation Office filed a Petition for Warrant for Offender Under Supervision alleging that Mr. Baker violated the terms of his supervised release. The petition alleged that on December 21, 2017, Mr. Baker was arrested for and pled guilty to Disorderly Conduct. The petition also alleged Mr. Baker was terminated from his sex offender treatment on January 12, 2018, for

his continued violation of program rules. (Doc. 45). United States District Judge Brian Morris issued a warrant for his arrest based on the allegations in the Petition. (Doc. 46).

**Initial appearance**

Mr. Baker appeared before the undersigned on February 6, 2018, in Great Falls, Montana. Federal Defender Evangelo Arvanetes accompanied him. Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Baker said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned. Mr. Arvanetes requested time to prepare for the hearing, and the revocation hearing was set for February 13, 2018.

**Revocation hearing**

Mr. Baker appeared before the undersigned on February 13, 2018, for the revocation hearing, accompanied by Mr. Arvanetes. Mr. Weldon represented the United States. Mr. Baker admitted to the violations. The violations are serious and warrant revocation of his supervised release.

Mr. Baker's violation grade is Grade C, his criminal history category is IV, and his underlying offense is a Class C felony. He could be incarcerated for up to twenty-four months and could be ordered to remain on supervised release for sixty

months, less any custody time imposed. The United States Sentencing Guidelines call for six to twelve months in custody.

Mr. Arvanetes recommended a sentence of three months, noting that Mr. Baker had not been drinking and had been cooperating with probation outside of the Disorderly Conduct. Mr. Arvanetes also requested that Mr. Baker receive credit for the several days he spent in tribal jail after being arrested on January 31, 2018, for the federal warrant in this action. Mr. Baker addressed the Court and stated that he only pled guilty to the Disorderly Conduct to get out of prison. He acknowledged that he made a mistake and plans on starting a new life with his fiancee upon release. Mr. Weldon noted Mr. Baker's extensive criminal history and that Mr. Baker had received two 12A reports which did not lead to a revocation. Mr. Weldon argued for a sentence within the guideline range with supervised release to follow.

### III.  Analysis

Mr. Baker's supervised release should be revoked because he admitted violating its conditions. He should be sentenced to seven months in custody, given credit for time served in tribal custody on the federal warrant (beginning January 31, 2018), with fifty-three months of supervised release to follow. This sentence would be sufficient given the seriousness of the violations but not greater than

necessary.

## IV. Conclusion

Mr. Baker was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Scobey G. Baker violated the conditions of his supervised release by (1) committing another crime and (2) failing to complete sex offender treatment. Mr. Baker admitted to the violations.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Baker's supervised release and committing him to the custody of the United States Bureau of Prisons for seven months, beginning on January 31, 2018, with fifty-three months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

    Dated the 20th day of February, 2018.

_/s/ John Johnston_
John Johnston
United States Magistrate Judge